DeMOSS, Circuit Judge,
specially concurring:
I concur fully in the language and reasoning set forth in Part III of the foregoing opinion relating to appeal No. 97-50575. As to appeal No. 97-50341, I concur fully as to the language and reasoning in Part II.B., but as to Part II.A. relating to appellate jurisdiction I concur only in the holding that this Court does have appellate jurisdiction to review the merits of the district court’s order which was issued on March 31, 1996, and entered on April 1, 1996, and which held defendant Jean Smith in criminal contempt without.any hearing or communication with* any party.
This order was entered on the civil docket of the 1994 civil lawsuit and the conduct which the district court determined to be contumacious was Jean Smith's failure and refusal to comply with terms of certain orders of the district court. Those orders had been issued and entered on the docket of that same civil case. Jean Smith filed her notice of appeal as to the contempt order within thirty days after the entry of the contempt order, and that notice of appeal was entered on the same civil docket of the same civil case as the contempt order itself. As the majority opinion points out, there is not now and never has been a criminal case *345 involving Jean Smith, and there never has been any criminal docket upon which the contempt order could have been entered. Consequently, it seems to me that the clear and plain language of Fed. R.App. P. 4(a) determines the timeliness of the notice of appeal filed in this case, and since that notice of appeal was timely filed under Fed. R.App. P. 4(a), we have appellate jurisdiction.
I do not join in the majority’s analysis about the applicability of Fed. R.App. P. 4(b). I do not agree that a notice of appeal filed in a civil case and entered on the civil docket of that case can constitute a notice of appeal as to an order which was never entered on a non-existent criminal docket. I think we are skating on terribly thin ice when we talk about “assuming arguendo ” the applicability of either Fed. R.App. P. 4(a) or 4(b). Those two subparts of Fed. R.App. P. 4 are inherently and logically, mutually exclusive. We just muddy the water for the trial bench and bar when we “assume arguendo ” or otherwise speculate as to whether an order which is actually entered on a civil docket might be deemed for certain purposes to be entered on a hypothetical criminal docket and then assume that a notice of appeal which was actually filed in -a civil docket can be assumed to be timely as to an order which has not yet been entered on a non-existent criminal docket.
I think we would do the bench and bar a better service by holding that when a district judge issues a summary contempt order as contemplated by Fed. R.Crim. P. 42(a), that order will be appealable under either Fed. R.App. P. 4(a) or 4(b), but not both, depending upon the docket on which the issuing judge directs that order to’ be entered of record. If the district judge does not designate the record on which the order is to be entered, the clerk of court should enter the summary contempt order on the docket of the ease then pending before the court in which the contumacious conduct occurred and whether that pending case is civil or criminal will determine which of Fed. R.App. P. 4(a) or Fed. R.App. P. 4(b) is applicable.